IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

____FILED ____ENTERED
____LODGED ____RECEIVED

JAN 2 3 2003

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ____DEPUTY

| | |
|---|---|
| JOYCE S. KIMBLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. PJM 2002-2711 |
| | ) |
| MONTGOMERY COUNTY | ) |
| BOARD OF EDUCATION, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is the third time Joyce Kimble has attempted to sue the Montgomery County Government, its Board of Education (BOE), and various individuals in their employ as a result of alleged sexual harassment by a team security member at the BOE.[1] Although a few individuals previously sued have been dropped from the present suit and at least one new individual added,[2] and although the benefits Kimble allegedly lost have been amplified from the earlier suits, the present suit is based on the same nucleus of operative facts which underlay the prior suits.

The Court dismissed the prior suits for a variety of reasons and Kimble's requests for reconsideration and appeals to the Fourth Circuit were unsuccessful.

Kimble, who has acted pro se throughout, obviously harbors a deep grievance against the Defendants, the merits of which the Court has never reached. Be that as it may, all the reasons

---

[1] The prior suits were Civil No. PJM 00-234 and Civil No. PJM 01-3715.

[2] Dr. James Williams and the Maryland Board of Education have been newly named.

that led the Court to dismiss the earlier suits constrain the Court to do likewise with the present suit. The Court is simply unable – despite Kimble's passion for her case – to ignore the legal considerations that make this litigation untenable:

1.) The Complaint is barred by the doctrine of *res judicata*;

2.) Montgomery County is not a proper party, having no responsibility for the BOE or its employees;

3.) The entity known as Montgomery County Public Schools is not subject to suit;

4.) The BOE enjoys Eleventh Amendment immunity for federal constitutional claims under 42 U.S.C. §§1983 and 1988;

5.) The individual Defendants enjoy qualified immunity for the federal constitutional claims;

6.) Some allegations fail to state a claim;

7.) Others are barred by limitations;

8.) Still others are subject to dismissal for failure to exhaust administrative remedies.

The Court will therefore GRANT the Motions of Defendants to Dismiss, with prejudice.[3] A separate Order will issue.

January 23, 2003

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[3] Because the same conclusion would obtain regardless of who might be sued, the dismissal will be effective as to all Defendants, including any who have not yet been served or answered.